ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LINKA MATOS RIVERA<br>Recurrido<br><br>v.<br><br>HARRY GONZÁLEZ MONTAÑEZ<br>Peticionario | KLCE202301331 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2020RF01227<br><br>Sobre: Custodia- Monoparental o compartida |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Salgado Schwarz.

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparece Harry González Montañez (González Montañez o peticionario) y nos solicita que revoquemos una orden emitida en corte abierta, el 16 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario). En esta, el foro primario ordenó la celebración de una vista evidenciaria.[1]

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

**I.**

Conforme surge del expediente, el 3 de diciembre de 2019 las partes disolvieron su matrimonio, por consentimiento mutuo, mediante *Escritura de Divorcio por Consentimiento Mutuo* suscrita ante notario. Con posterioridad, la Sra. Linka Matos Rivera (Matos Rivera o recurrida) incoó la demanda de epígrafe sobre custodia y pensión alimentaria relacionada a la hija menor de ambas partes. Superadas múltiples incidencias procesales que no son necesarias

---

[1] Véase Minuta de la vista celebrada el 16 de noviembre de 2023. Apéndice págs. 191-196.

Número Identificador

RES2023_____

particularizar, el TPI emitió un dictamen el 15 de diciembre de 2021, notificada el 20 del mismo mes y año. Dicho foro declaró No Ha Lugar la solicitud de pago por gastos de la menor de edad, acordados en la referida *Escritura de Divorcio por Consentimiento Mutuo,* por presentarse dentro del presente pleito de epígrafe. Lo antes, fue objeto de revisión judicial ante esta Curia en el recurso KLAN202200241. Mediante *Sentencia* notificada el 23 de junio de 2022, revocamos el dictamen impugnado y ordenamos la continuación de los procesos, conforme lo allí resuelto.

Transcurrido más de un año de litigio, el foro primario celebró una vista el 16 de noviembre de 2023, durante la cual las partes tuvieron la oportunidad de exponer sus posturas atinentes a la pensión alimentaria presuntamente adeudada, así como sobre la prueba a presentarse, entre otros asuntos. Al concluir la audiencia, el foro primario dejó señalada una vista evidenciaria, a celebrarse el 29 de noviembre, 18 y 19 de diciembre del año en curso.

Inconforme, el peticionario acude ante nos y señala la comisión de los siguientes errores, a saber:

> Erró el TPI al ordenar la celebración de vista evidenciaria, a pesar de que al día de hoy la parte demandante recurrida no ha sometido la inexistente estipulación y acuerdos sobre consentimiento mutuo conforme al mandato expreso del TA.
>
> Erró el TPI al ordenar la celebración de vista evidenciaria sobre alegados gastos que emanan de escritura pública que está siendo objeto de impugnación por nulidad en un pleito independiente.
>
> Erró el TPI al ordenar la celebración de vista evidenciaria a pesar de que la parte demandante-recurrida presentó extensa evidencia sorpresiva, esto sin dar oportunidad a la parte demandada-recurrente a una investigación y/o un descubrimiento de prueba efectivo.

Junto a su recurso instó una *Moción urgente en auxilio de jurisdicción* la cual denegamos mediante *Resolución* emitida el 28 de noviembre de 2023. Hemos examinado con detenimiento el recurso sometido por la parte peticionaria y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá "cuando se recurra de una orden o resolución al amparo de las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. Sin embargo, por excepción, el foro apelativo intermedio podrá revisar -en lo pertinente- una orden o resolución interlocutoria dictada por el tribunal de instancia cuando se recurra de la determinación en un caso de relaciones de familia, entre otros." (Nota omitida.) *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, **en casos de relaciones de familia**, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo no debe intervenir con el ejercicio discrecional de los foros de instancia, salvo que se demuestre que "actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto o de derecho." *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020).

### III.

En síntesis, el peticionario solicita que ejerzamos nuestra función discrecional, para dejar sin efecto el señalamiento de una vista evidenciaria en este caso por entender que existen controversias sobre la prueba a presentarse. Si bien es cierto que, el caso de autos trata sobre asuntos de relaciones de familia, contemplados en la Regla 52.1 de Procedimiento Civil, *supra*, tras evaluar el recurso de epígrafe, al amparo de los criterios para la expedición del auto de *certiorari* de la Regla 40 del Reglamento de este Tribunal, *supra,* concluimos que el mismo no presenta un asunto que justifique nuestra intervención en esta etapa de los procedimientos. De un examen del expediente colegimos que, el foro primario tiene a su haber, dentro de su sana discreción, el manejo de la prueba a presentarse que, estime necesaria y pertinente para dilucidar las controversias pendientes ante su consideración conforme a derecho, así como el manejo de su calendario judicial.

De nuestro examen sosegado sobre el recurso instado, nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido, haya incurrido en error o en abuso de la discreción que le asiste, de forma tal que se haga meritorio soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Por tal razón, nos abstendremos de intervenir en el manejo del caso que realiza el foro *a quo*, en esta etapa procesal. Tampoco nos encontramos ante una situación excepcional o fracaso irremediable de la justicia que amerite expedir el auto solicitado. En ausencia de tales fundamentos, procede denegar la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones